Next case on the docket is 514-0360. I'm not going to read all of that. Mr. Paulson, are you ready to proceed? Yes, Your Honor. You may. Do you want to tell them about this? Mr. Paulson, let me make one announcement. As you can see, Justice Moore is not here today. He's had a death in his family, so he will be participating in the opinion that's written. But as you know, these arguments are recorded, so he will be able to listen in after the arguments at some time in the future. Also, during the arguments, I may stand. I'm not leaving. But I did have back surgery, and so occasionally I have to get up. So that's my problem, not yours. With that said, Mr. Paulson, you may proceed. Thank you, Your Honor. This case has to do with a piece of property at 410 East 5th Street in West Frankfurt, Franklin County. My client, Scott Ceron, and entities that he wholly owns, including Illinois Realty Group and Regular Securities, purchase his taxes. Now, purchasing taxes serves an important fundamental purpose in the state of Illinois, and that is municipalities who count on taxes to plow streets, to give services. There has to be some continuity of funds. And therefore, if people, after given a wide latitude, do not pay their taxes, taxpayers, tax buyers come in and buy those taxes. And then that money immediately gets sent out to the various taxing entities so that they have funds to operate and govern. Well, my client bought the taxes to this piece of property in West Frankfurt for several years, and at some point he got a tax leave in September of 2010. Well, come to find out, the mortgage that was on this piece of property had been sold a couple of times. And so through accident or mistake, the mortgage company was not served or notified, even though there's other ways they probably should have known about this. They weren't notified. So then again, in 2013, after my client had a tax leave since 2010, the mortgage is again assigned to the applicant. The applicant files a motion to set aside the tax leave because the prior mortgagee never had noticed or wasn't served. There are a bunch of different theories argued in the lower court, but the lower court basically found that the judgment was void and that entered into order setting aside the tax leave. The problem with the lower court's order, assuming that it was proper to set it aside as void, the problem with the court's order, it failed to follow 35 ILCS 200-22-80B, which pertains to tax sales. The court order doesn't provide for my client to receive the taxes he paid on this property, the penalties, and the interest. If the mortgage company had been given proper notice, they would have had to come in and redeem if they didn't want it to be sold. Correct. And they would have had to pay my client back the money he's owed. In this case, the court basically said, mortgage company, you get the property back and made no provision for my client to be paid back the money that actually he bought. I mean, what's happening? Six, seven years ago, he bought these taxes, and now it's like, well, he's out of luck. It just doesn't work that way. If you look at the statute. Was there publication? Wasn't there publication? Sure, there was. Yes. Is publication sufficient notice for the mortgagee? We didn't. We could have raised all these different arguments. I think probably if you find that the judgment's void. Why would the judgment be void? Because it would be no different than if, say, I sued you, but I never served you, and you find out that I got a default judgment against you 10 years ago. And I come up, and I say, well, I'm going to start collecting from Justice Gates, and all of a sudden, you're like, well, wait a minute. I was never served. If you don't serve the party, there's obviously no due process as opposed to being voidable. I could waive that. Pardon me? I could waive that. It could be voidable, couldn't it? Right. It could be voidable, but I think the case law. I think the case law is. I'm not disagreeing with the lower court finding that it was void. Okay. I mean, there's a statutory scheme for this that's been there for years and well-acknowledged in the type of notice, and it wasn't given here. Yes. And so there's no question of jurisdiction. Obviously. So there's no dispute between anyone here that you're going to acknowledge this is void? We're not raising that up. Okay. All right. I'm not necessarily agreeing with what the lower court did, but we're certainly not raising that up. All we're raising on appeal is my client gets to get his money back with the penalties and interest. He borrowed money eight years ago to buy these taxes, or ten years ago, however long it was, and he's entitled his money back. The statute is absolutely clear. Let me ask you a question about what happened in the lower court and how this came up. You know, the truck entered the order and did not order repayment. Correct. Which is specifically in the statute. And had it been argued at that point, or had there been discussion about that, or was it just an argument about whether it was void? Well, there was an argument based on the statute that the statute's controlling. That this would require that he be paid back. Right. So then you filed a motion to reconsider. Which basically said if you're going to enter this type of order, you need to account for the payback to my client. So that was brought to the trial court's attention in the motion to reconsider, at least. Right. And he still denied the motion to reconsider. It didn't give any basis for why he was ruling that way. No. And, I mean, this is simple statutory construction. Now, the athlete is trying to argue that, well, if you extend the redemption period, then you somehow think, well, based on the statute, if you extend the redemption period, then you don't get to get paid back. Now, that doesn't even make any sense. Basically, they want to say that if you extend the redemption period, which benefits the person whose taxes are being bought. You're basically giving them more time to pay back rather than take the tax leave right away. You're extending the period for which they can pay you back. So their argument is, well, based on the statute, if you extend that redemption period, you're not entitled to give your money back. So, in essence, why would it be called extension of the redemption period? Why would it just be, well, if you wait past a certain period of time, you're just waiving your right to receive compensation? It's silly. The argument they make doesn't make sense. In my reply brief, I address that specifically. And there's no case that says that if you extend the redemption period, you don't get paid back, is there? I mean, the argument is basically trying to pick apart the statute and read it in such a way that just is nonsensical. I mean, imagine just the precedent of this case if a tax buyer, because, I mean, mortgages are sold on a daily basis. This thing was sold several times. In fact, the appellee bought the mortgage three years after my client received a tax leave. So, I mean, it's obvious what's going on here. But the fact is, if you don't protect the tax buyers in situations like this, they're going to stop buying taxes. And schools are going to suffer. Municipalities are going to suffer. All the taxing officials are going to suffer. The law is strongly in favor of making sure that tax buyers have incentive to buy taxes. And that their lien and what they've done takes precedent over everything. And now here the mortgagee thinks that they can just come in here and say, well, we get the tax. We get the property back, but we don't have to pay all those back taxes. Well, if they had been notified back in 2008, 2009, they still would have had to pay back the taxes and pay the penalties. And they would have to continue to pay back taxes and taxes until today. Here we're talking about just the taxes that were purchased up to 2010. Now, there's been four or five million years of taxes. We're not even getting reimbursement for that. All we're getting reimbursement for was the initial payment plus the penalties and interest as provided by statute. Now, I just, for the life of me, I can't understand why the lower court didn't just follow the statute. It's plain. It's easy. You know, it doesn't even make sense of equity. You know, he paid his taxes. This money was spent by these municipalities and taxing districts. And now he's supposed to just walk away and say, well, I don't get anything. They make some kind of argument, well, he's owned the property for the last four or five years and therefore got rent or whatever. We don't know what he got. We don't know whether he spent money fixing the place up. You know, that's not the issue here. What's happened? I mean, they had a right to redeem whether or not he made money or lost money is not even on the record, you know, on what he's done with the property since 2010. The bottom line is, this is really a pop fly. There's a statute and the lower court needed to follow it. And my client, in equity or otherwise, or by pure statutory construction, is entitled to his money. And this isn't a bunch of money. We're talking about $10,000, $12,000. But the trial court ignored that. And I don't see any way the trial court could possibly come to grips with the fact that my client did, frankly, come to favor by buying the taxes. And now he's out the money. It just can't happen that way. That's all I have. Thank you. Thank you. How do you pronounce your name?  Bonder. Bonder. Okay, Mr. Bonder. Good afternoon, Your Honors. Counsel, may it please the court. I represent the Appalachian American Homeowner Preservation Fund. As Mr. Paulson pointed out, the underlying case was our petition to set aside a tax deed on the property in Franklin County. And the circuit court ruled that the tax deed was void because it wasn't proper notice given to the mortgagee of record. And Mr. Paulson talks about there being fundamental issues here. One of the fundamental issues in any tax case or really any case affecting real estate is to make sure that anyone that has an interest in the real estate is given proper notice of the proceeding. And as I stated, the — And your client had — was the mortgage holder at the time Mr. Ceron bought the property? They were an S&E of the — They were an S&E. Correct. So were they a record at the time Mr. Ceron bought the property? Not the S&E, but the party who was the mortgagee at the time, which was stewardship, was not notified of the tax proceeding. So you're assuming their defense. Yes. So why would anyone go in and buy property that hasn't had its taxes paid unless they had some assurance, assuming everything had been noticed properly, that they were going to get paid back? I mean, why — how do you argue that he is not entitled to be reimbursed? Well, as to the reimbursement issue, you didn't want to ask. Well, Mr. Plaston says that's why we're here. Yes, and apparently so. There doesn't seem to be a dispute with respect to the, you know, the circuit court's decision with respect to voiding the tax fee. The issue is the reimbursement of the taxes. And I think there are several responses to that. First is really the statute itself. Section B of 2280 states that there will not be a reimbursement if the redemption period is extended for a period of less than three years. And that's what occurred here. We had a tax sale that took place on December 18th of 2007. The redemption period would have expired in June of — June 18th of 2010, and the redemption period was extended until July 12th of 2010. So based on, I think, a clear reading of the statute, the redemption period was extended, and therefore you would not be entitled to reimbursement under the statute. Secondly, I think one also has to look at the equitable issues that are involved. Hey, let me ask you. Yes. Tell me — and I'm looking at the statute here, and it does say, and unless the court on motion of the tax-fee petitioner extends the redemption period and so on, tell me, why would the legislature deny reimbursement to somebody because they extended the redemption period? I think one reason why they may have done that is because you have a situation here where, under Section B, we're talking about a situation where the tax fee has been voided. And I think the reason would be that penalties and interest continue to approve, and it would be unfair for a mortgagee who did not receive notice of the tax sale and of the, you know, petition for tax fees to have to incur those extra interests and penalties by extending that redemption period. So I think that's one reason — or one issue that the court was looking at was the additional penalties that won't occur. And after all, the mistake that was made was a mistake the tax purchaser made in not serving proper notice to the mortgagee. I further, you know, would state in this situation, one of the key facts in this case is that after the appellant acquired a tax fee, they entered into a land contract with our borrowers, the borrowers under the mortgage. I'm sorry to interrupt you again, but still on this point about extending the redemption period, is there any case that interprets the statute that way? Is there any case where someone extended the redemption period and the court said, well, you don't get reimbursement? I haven't seen a case one way — one side or the other. Okay. All the cases have been dealing with situations where there has not been an extension of the redemption period or there was no discussion of it. It was never brought up in the case. Yes. And the statute goes back to 1995, so it's not an incredibly old, you know, statute that we're dealing with. As I was stating, one of the key facts in this case is that there was a land contract that the tax purchaser entered into with our borrowers, and the tax purchaser has received over $12,000 in payments. That was in the record, and that was as of the time we had filed our petition to set aside the tax deed. There have been payments that have continued since then, but at least $12,000 was received from the owners of the property, from our borrowers. And it would be our position that it would be — certainly it would be inequitable for the tax-held purchaser to keep those payments that they received under the land contract when the tax deed itself was found to be void, and at the same time also ask to be reimbursed for the underlying taxes that went to tax sale. Well, there's nothing in the statutory scheme regarding tax deeds that deals with paying back rent you collected during this time period. Is that true? I would agree with that. So that would have to get dealt with in some other way. I mean, I don't know. Maybe you file a case for unjust enrichment, or I don't know. But that has nothing to do with what we're talking about here on the tax deed, right, about the rent? I mean, under the statutory scheme, how would the court set that off or anything? Well, I think you'd have to find that we were entitled to that reimbursement. You'd have to file something, though, to bring that into the jurisdiction of the court to make a decision about. Well, I think it was an issue that was certainly before the trial court. They were aware of the payments that were made under the land contract. It was certainly part of the record. Does the record reflect that the court denied reimbursement because of that? No, the record doesn't reflect what the reasoning was for denying reimbursement. I would point out, as we've also stated in our brief, that there are two subsections to 2280. There's a subsection A and a subsection B. And the only argument that was presented at the circuit court was subsection A. We had filed our petition for tax deed. There was a motion to dismiss. We had filed for summary judgment, and there was a response to that. The issue of reimbursement of taxes did not come up in either one of those pleadings. And then there was a motion for reconsideration, and that was the first time that the tax sale purchaser raised an argument about reimbursement of taxes. But the only subsection that was raised was subsection A. And subsection A deals with a situation where you're asking the court to find that there was a sale in error, that the county actually should be the one to reimburse the taxes because the tax sale should not have gone forward, either because there was a prior payment of taxes or there was some mistake on the county's behalf in selling those taxes. That's entirely different from subsection B of the statute, which is now being argued here at the appellate court, which is that there should be a reimbursement because the tax deed was found to be void, not that there was a mistake in the tax sale, but there was a problem with the tax deed proceeding. So we would argue that this issue, or subsection B, was waived by the appellant and therefore should not be considered by the court. What about the doctrine of unjust enrichment? Do you agree that your client has been unjustly enriched by the fact that property has been purchased and maintained? Or do you take the position that had you been given notice, your client, actually the predecessor client, would have paid the taxes and life would have gone on from there? Well, we're the mortgagee on the property. The payment of the taxes... The assignee. The assignee, yes. The payment of the taxes is really the responsibility of the property owner. Okay, I didn't... Okay, so the property owner should have paid the taxes, but had the property taxes not been paid, you would have found that a breach of their note, I assume, correct? Well, yes, it could be a breach of the note, yes. And you, meaning your client, would have had to take some action because you have to protect the property, right? That's certainly a possibility. Was it a possibility or a probability? Well, I mean... You don't want to lose the land over taxes. We would have sought to foreclose. You know, it's hard to say whether the taxes would have been paid as part of the foreclosure process or not, or if it would have been paid by a purchaser at the foreclosure sale. Right, all I'm saying is that the nonpayment of the taxes obviously would have affected your assets such that you, your client, would have had to take some action to protect the asset. That's true, Your Honor, yes. So doesn't Mr. Ceron act in that same capacity? He's protecting the asset now for the bank or whoever the mortgagee was. Am I right? The loan. So he's actually doing the protecting of the asset, isn't he? Well, I don't know if he's protecting the asset. I mean, I understand that he has paid the taxes on the property, and I agree with that. So that your client didn't have to go into foreclosure. All I'm asking is if he's protecting your property, aren't you, your client, unjustly enriched by his actions if you don't have to pay him back? I don't believe we're unjustly enriched because, as I said before, the payment of the taxes is really the owner's responsibility. It's not the lender's responsibility. The lender doesn't typically pay the taxes on the property. So I don't think that we've been unjustly enriched. It may be that the owner of the property has been unjustly enriched. But I would still get back to the statute itself that talks about there's an extension of the redemption period that you're not entitled to reimbursement of the taxes. And as we've pointed out, I don't find there's any case law that contradicts what the statute states. So I think for those reasons that I presented, we would ask that the judgment of the circuit court be affirmed. Okay. Thank you. Thank you. Mr. Paulson, you have a rebuttal. Excuse me. I don't believe there was waiver of Section B. I think it was raised to the court. And also, it's plain error anyway. I mean, the court, the lower court, was obligated to follow the statute as it applies to the situation and failed to. And as I've set out in my brief, I think that in my reply brief, I point out how absurd the argument is that this redemption extension basically equals, you don't get reimbursed. Why would anyone ever extend the redemption period, which quite frankly benefits the person who owes the taxes, because it gives them longer to redeem before a tax fee will issue. That section in that statute really means that you can't get a tax fee and you don't have to pay back the person who bought the taxes during that extended redemption period because that's what the redemption period means, that you've got more time before you have to pay. That's what it means. It's probably poorly worded, but I think it's clear, and if you look at my reply brief, it hits it right on point. My brief basically says you've got three choices here. One, you can send it back because the statute clearly says that there can be no final order of the trial court until payment is made to the tax purchaser, that there can't be an order to issue a deed that is not a final order. So if it's not a final order, then it probably shouldn't be. Or you could find that since the court's order of 90 days have expired, the statute says that if within 90 days you don't pay back Mr. Ceron or a tax buyer for the back taxes, then the whole case is dismissed and you're forever barred from trying to get back that piece of property. So basically, this court could enter an order saying they failed to pay within 90 days. They weren't ordered to pay. Why would they have paid within the 90 days? I understand they weren't ordered, but the statute says if you don't pay, you forfeit. So that would be another one. And then the last one is you simply find that Mr. Ceron is entitled to the taxes he paid and the penalty is in interest. And I think that is probably the just thing to do here. I mean, certainly it would be unjust enrichment. It would also be an equity. He certainly has a right to get his money back. I mean, or what does he do next? Let's assume this court affirms it, the trial court. What, does he go sue Franklin County for his money back? Because he's entitled to it back. He didn't get anything of value for it. He was promised something he didn't get. Well, it sounds like a tax deed shouldn't have been issued. Tax deeds shouldn't have been issued, but based upon the complexities of all this, there's always defenses. It's not a perfect world. But that doesn't mean that he doesn't get his money back. No, I'm just saying that when you suggest suing Franklin County, they issue the tax deed. Well, they're the ones with the money, Mr. Ceron. They got the money. So if we don't get it from the appellee, I guess that leaves no choice. But I just think it's obvious what should happen here. What do you say about the statute? Do you think that the statute, 200-22-80B, is as advocated, that you don't get your money back? No, no. They're picking apart loose ends of the statute and not reading it as a whole. When you read it as a whole, I mean, it's just illogical the way they're determining it. Again, what that means is you can't get a tax deed and you can't turn one over. They have a right to extended redemption up to three years. So during that extended redemption period, obviously nothing can happen other than allowing the owner to repay taxes that are owed. If the redemption period was not extended, a tax deed could be issued even sooner. And I think the way the statute is written, basically all it means is during the redemption period, if it's extended up to three years, then you don't have to pay back that money during that redemption period, because that's the whole idea behind the redemption period is it doesn't have to be paid back until that ends. That's all I'm saying. Thank you. Okay, thank you. This matter will be taken under advisement of the disposition issued moving forward.